# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION - DETROIT

**IN THE MATTER OF:**

Muhammad S. Awaisi,

          Debtor.

Case No. 20-48712
Judge Thomas J. Tucker
Chapter 7

---

Karen E. Evangelista, Chapter 7 Trustee,

          Plaintiff,

v.

Abida Adnan,

          Defendant.

Adversary Proceeding No. 21-04061
Judge Thomas J. Tucker

## TEMPORARY RESTRAINING ORDER

This adversary proceeding is before the Court on the motion filed on February 22, 2021 by the Plaintiff Chapter 7 Trustee, entitled "Ex Parte Motion for Issuance of Temporary Restraining Order, Scheduling of Hearing on Preliminary Injunction, and Issuance of Preliminary Injunction" (Docket # 3, the "Motion"). The Court finds good cause to enter this Order.

IT IS ORDERED that:

1.  The Motion is granted to the extent of the relief provided by this temporary restraining order, and otherwise is scheduled for a hearing on the Plaintiff's request for a preliminary injunction, as stated below.

2.  Until the end of the day on Monday, March 8, 2021, unless otherwise ordered, the Defendant, and the Debtor Muhammad S. Awaisi (the "Debtor"), and all persons acting in concert with either of them, are immediately prohibited and enjoined from disposing of, transferring, selling, encumbering, or hypothecating all or any portion of real property commonly known as 916 South East Street, Amherst, MA 01002, which has a legal description as follows:

**916 South East Street, Amherst, Hampshire County, Massachusetts**

> The land in Amherst, Hampshire County, Massachusetts, located on the easterly side of South East Street, and being shown as Lot 1 on a plan of land prepared by James Avery Smith, PLC, 4 Bayberry Lane, Amherst, MA entitled "Plan of Land situate in Amherst Massachusetts made for the Inhabitants of the Town of Amherst", revised June 10, 2002, Scale 1" = 40 feet, and recorded in the Hampshire County register of Deeds in Plan Book 193, Page 38.

3.  Each and every appropriate federal, state, and local agency or department is ordered and directed to accept this Order, including, without limitation, filings in the recording offices in Massachusetts and governmental agencies or departments.

4. The Plaintiff is authorized to record, or cause to be recorded, a copy of this Order in any and all public records, including the Hampshire County Massachusetts register of Deeds.

5. Counsel for the Plaintiff must serve a copy of this Order on the Debtor and the Defendant no later than Tuesday, February 23, 2021, and then must promptly file a certificate of service evidencing the same.

6. This Court will hold a hearing on **Wednesday, March 3, 2021 at 2:00 p.m.,** Eastern Standard Time, on the Plaintiff's request for an issuance of a preliminary injunction.

7. The March 3, 2021 hearing will be a non-evidentiary hearing, and will be held by telephone.[1] At least five minutes before the scheduled time for hearing, counsel and parties should call (888) 684−8852 and use Access Code 2388650. Counsel and parties should place their phone on mute and wait until their case is called before unmuting their phone and participating.

8. This Court retains jurisdiction to interpret and enforce this Order.

9. This temporary restraining order is issued at the date and time shown on the Court's filing date stamp appearing at the bottom of each page of this Order.

---

[1] If, during the March 3, 2021 hearing, the Court decides that an evidentiary hearing is necessary, the Court will schedule one, to occur soon after that date.

10. This temporary restraining order is issued without prior notice to the Defendant or the Debtor, because of the substantial risk that any such prior notice, and any delay in issuing this Order, may result in the real estate described above being sold to a third party, to the irreparable injury to the bankruptcy estate in the Chapter 7 bankruptcy case of Muhammad S. Awaisi, now pending in this Court. The irreparable injury would be the placing of the property out of the reach of the Plaintiff Trustee's avoidance and recovery powers, which the Trustee seeks to employ in this adversary proceeding. Such an injury would be irreparable because of the substantial risk that the Trustee could never recover the value of the property at issue on behalf of the bankruptcy estate.

11. As permitted by Fed. R. Bankr. P. 7065, this temporary restraining order is being issued without requiring the Plaintiff Trustee to comply with the provisions of Fed. R. Civ. P. 65(c).

**Signed on February 22, 2021**



/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge